Filed 8/3/23  P. v. Higuera CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B325372 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA073018) |
| v. | |
| MICHAEL HIGUERA et al., | |
| Defendants and Appellants. | |

APPEALS from orders of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge.  Dismissed and Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant Michael Higuera.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant Hector Huerta.

No appearance by Plaintiff and Respondent.

At a jury trial in 2004, defendants Michael Higuera (Defendant Higuera) and Hector Huerta (Defendant Huerta) were each convicted of two counts of attempted willful, deliberate, and premeditated murder.  As to each count, the jury found true allegations that both defendants personally and intentionally discharged a firearm within the meaning of Penal Code section 12022.53(c).[1]  Each defendant received a sentence of life in prison, plus a 20-year determinate term.

Many years later, defendants petitioned for resentencing under section 1172.6 (former section 1170.95).  After appointing counsel and receiving briefs from the People and defendants, the trial court held a hearing for each defendant and denied the petitions based on their failure to make a prima facie case for relief.  At the hearing on Defendant Higuera's petition, the trial court reasoned he "was the actual shooter, and he was not convicted under a natural and probable consequences theory.  So due to the fact that he was the shooter in that particular case, he . . . cannot make a prima facie showing[ and] his petition for resentencing will be denied forthwith."  At the hearing on Defendant Huerta's petition, the trial court emphasized "there was no jury instruction[ ] ever given that allowed the jury to impute malice because defendant, again, was the perpetrator."[2]

---

[1]      Defendants were also convicted of additional offenses not relevant to this appeal: Defendant Higuera was convicted of carrying a loaded, unregistered firearm and Defendant Huerta was convicted of being a felon in possession of a firearm.

[2]      As discussed in this Court's opinion on direct appeal, there was evidence both defendants fired multiple shots at a car with

Defendants appealed, and this court appointed counsel to represent them. After examining the record, both defendants' attorneys filed opening briefs raising no issues and asking us to exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. We invited defendants to submit supplemental briefs. Only Defendant Higuera opted to do so, arguing (1) "this whole case was based on theories of what took place"; (2) "the jury was given an invalid instruction[ ] on the kill zone"; and (3) sufficient evidence to support his convictions was lacking. Attached to Defendant Higuera's supplemental brief are letters, affidavits, and other documents.

Although we have discretion to undertake an independent review of the entire record, we decline and instead limit our discussion to the issues raised in Defendant Higuera's supplemental brief. (*Delgadillo*, 14 Cal.5th at 232 [where the defendant's attorney finds no arguable issues in an appeal from the denial of a section 1172.6 petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but it is "wholly within the court's discretion" whether to conduct an independent review of the entire record].)

None of the arguments raised in Defendant Higuera's supplemental brief addresses his eligibility for resentencing under section 1172.6. Higuera's observation that the word "theory" was used at trial does not mean that he was convicted on a theory under which malice was imputed to him, which would

---

two people inside. (*People v. Higuera* (Nov. 17, 2005, No. B176767) [nonpub. opn.].)

3

permit relief under section 1172.6.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].)  Additionally, the asserted kill zone instructional error and the arguments regarding the sufficiency of the evidence have no bearing on Defendant Higuera's eligibility for section 1172.6 relief.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 549 [a section 1172.6 petition "is not a means by which a defendant can relitigate issues already decided"]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

## DISPOSITION

Defendant Huerta's appeal is dismissed as abandoned.  The order denying Defendant Higuera's section 1172.6 petition is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


                            BAKER, J.

We concur:



    RUBIN, P. J.



    KIM, J.

5